Marshall v. Goble.

J. W. MARSHALL ET AL. V. M. H. GOBLE.

[FILED MAY 6, 1891.]

1. **Pleading**: IRRELEVANT AMENDMENTS.  On the trial of a cause the defendant obtained leave to amend his answer by alleging "that after making the sales named he (plaintiff) complained that the prices were too high as named by defendant and made no effort to sell the same, but neglected the same, to the defendant's damage and injury."  *Held,* That the matter involved in the amendment, not being pertinent to the case, was calculated to raise a false issue and distract the attention of the jury from the real questions for their determination.

2. **Instructions**  set out in the opinion *held* to be erroneous.

ERROR to the district court for Douglas county.    Tried below before HOPEWELL, J.

*Gregory, Day & Day,* for plaintiff in error, cited : *Singer Mfg. Co. v. Doggett,* 16 Neb., 609; *Sch. Dist. v. Estes,* 13 Id. 52; *Attix Noyes & Co. v. Pelan,* 5 Cole [Ia.], 336 ; *Lane v. Albright,* 49 Ind., 275; *Turner v. Parry,* 27 Id., 163; *Ruble v. Massey,* 2 Id., 677 ; *North v. Pepper,* 20 Wend. [N. Y.], 677; *Heard v. Wadham,* 1 East [Eng.], 619.

*Hall, McCulloch & English, contra.*

MAXWELL, J.

This is an action to recover $8,125, with interest thereon, for an alleged breach of contract.

On the trial of the cause in the court below the jury returned a verdict in favor of the defendant, on which judgment was rendered. The contract is as follows:

"This agreement, made and entered into this 16th day of August, A. D. 1886, by and between Milton H. Goble, trustee, of Douglas county, Nebraska, party of the first part, and Marshall and Lobeck, of the same county and state, parties of the second part, witnesseth:

"That the party of the first part agrees to make the parties of the second part sole agents for the sale of the northwest quarter of section 13, township 15 north, of range 12 east of the 6th P. M., known as 'Bowling Green.' To cause the said land to be staked out and platted in such form as he may deem for the best interests of the parties he represents; to fix the price on each lot, acre, or block into which the said land may be divided, and the terms on which they are to be offered for sale; to pay the parties of the second part a commission of ten per cent on all sales made by them or by parties employed by them; that the said parties of the second part agree to advertise said land extensively by means of plats and through the daily papers and to take all steps necessary to bring the said land before the public and sell the same; to interest other real estate agents in the sale of said land, and in consideration of the payment of the above named commission, to pay for said advertising, compensate said agents, and pay all other expenses pertaining to the selling of said land after it shall have been staked out and mapped ready for sale.

"The party of the first part shall sign all papers pertaining to the sale of said land, and after said papers have been signed they shall be turned over to him, together with the proceeds of sale in excess of the commission before named.

"It is hereby mutually agreed that this contract may be terminated at any time by either party giving ten days' notice in writing to the other party.   In case such notice be given by the party of the first part before the above described property has been sold, then the said party of the first part shall pay one-half of the costs of advertising said property up to date of canceling the contract.

"MILTON H. GOBLE,

"Trustee.

"MARSHALL & LOBECK.

"Witness:

"MILTON D. POLK."

The plaintiffs in the petition allege that the defendant made sales of certain tracts of land included in the contract, and that the plaintiffs had allowed him the fees usually allowed to sub-agents, which fees he had accepted in recognition of plaintiffs' right to commissions under the contract for the lands sold ; that the defendant made a certain other sale of lots included in said contract, for the sum of $44,000, and received therefor as part payment, the sum of $8,800, but refused to pay plaintiffs the commission agreed upon in the contract.

The defendant in his answer admits the execution of the contract, the sale of property by himself, and that prior thereto he had made some small sales and divided the commissions with the plaintiffs.   He also alleges that the contract had been terminated by notice.   The reply denies the termination.

On the trial the defendant asked and obtained leave to amend his petition by interlining the following: "And defendant further says that the said plaintiffs, after making the sales named, complained that the prices were too high as named by defendant, and made no efforts to sell the same, but neglected the same, to defendant's damage and injury." This was objected to by the plaintiffs, and the objection overruled, to which exceptions were taken.   The court

erred in permitting this amendment. It raised a false issue, which was calculated to divert the attention of the jury from the real questions for determination. The defendant had the right to terminate the contract upon giving ten days' notice and paying one-half of the costs of advertising the property up to that time. He need not assign any reason for terminating such contract. It was a power which he had reserved to himself which could be exercised at any time. The plaintiffs, however, had rights in the premises. They seem to have spent considerable money in publishing plats and maps of the lands in controversy, and calling the attention of the public to the property that they were desirous of selling. They, therefore, had a moneyed interest in the land to the extent, at least, of what they had expended, and which if the defendant terminated the contract he was to bear one-half this burden with them. They had every inducement, therefore, to effect sales if possible. The price of the property does seem to have been placed at a high figure so that sales were not readily made. Nevertheless occasional sales were made, and in all probability the sale made by the defendant himself was largely induced by the previous efforts of the plaintiffs. The court erred, therefore, in permitting the amendment to the petition.

The fourth, fifth, and sixth instructions given by the court to the jury are as follows:

"The burden of proof is on the plaintiffs, and to entitle him to recover in this action he must prove to your satisfaction, by a fair preponderance of the evidence all the material allegations of his petition, not admitted by the defendant's answer.

"Fifth—The jury is instructed that the written contract which has been shown in evidence, by its terms confers upon the plaintiffs the exclusive right to sell the real estate therein mentioned, until such time as said contract is terminated in the manner therein provided, to-wit, by giving ten days' notice in writing.

Marshall v. Goble.

"Sixth—The jury should inquire and determine from the evidence whether or not at the time the defendant made the Beckwith sale of $44,000, he had previously terminated the said written contract with the plaintiffs by giving them ten days' written notice thereof; and if you find that such notice was given to the plaintiff ten days prior to the time the sale was made, then the plaintiffs cannot recover in this action, and you must find for the defendant."

It will be observed that in the fourth instruction the court has stated that the burden of proving the facts stated in the petition was on the plaintiffs. In the fifth and sixth instructions the jury are left to infer that it devolved on the plaintiffs to disprove having received the ten days' notice of the termination of the contract. The fifth and sixth instructions, taken together, were calculoulated to mislead the jury, and were prejudicial.

The eighth instruction is also erroneous.

"You are further instructed that the theory on which the plaintiffs have based this action is that the defendant, when making the Beckwith sale, did so for them and as their assistant or sub-agent, and this is the only theory on which they are entitled to a recovery. If, therefore, you find and believe from the evidence that in making said sale the defendant did not act for and as the agent of plaintiffs, then the plaintiffs cannot recover, and you must find for the defendant."

The action is not based upon the sub-agency of the defendant, but upon the contract which the defendant claims had been terminated. If the contract was in force, the plaintiffs are entitled to recover; otherwise not.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.